## IN THE COURT OF APPEALS OF IOWA

No. 19-0501
Filed June 19, 2019

**IN THE INTEREST OF M.B., T.B., M.B., S.B., and S.B.,**
**Minor Children,**

**T.S., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Adair County, Monty Franklin, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Adam D. Hanson of Hanson Law Office, Winterset, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

Andrew J. Zimmerman of Nielsen & Zimmerman, PLC, Corning, guardian ad litem for minor children.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination and termination is in the children's best interests. We affirm.

## I.    Background Facts & Proceedings

T.S. is the mother of M.B., born in 2002; S.B., born in 2005; M.B., born in 2006; S.B., born in 2010; and T.B., born in 2011. The father of the three oldest children is Bd.B. The father of the fourth child is Bn.B. The father of the youngest child is J.J. The mother is currently married to A.S. The mother has a lengthy history of mental-health and substance-abuse problems. There were also concerns about domestic violence in the home.

The State filed a petition alleging the children were in need of assistance (CINA) on May 4, 2017, based on reports the mother took her spouse's prescription medication and sold it for opioids. Additionally, the oldest child told social workers the mother had given the child marijuana. The children were adjudicated CINA pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2017).

Prior to the dispositional hearing, the mother and her spouse got into an argument in front of the children and the mother punched a mirror, breaking it, and causing an injury requiring stitches on her finger. Also, after an argument with her spouse, the mother locked herself into the bathroom and carved, "I love [A.S.]," on her arm. Counseling was recommended for all of the children due to the chaos in their home.

In the dispositional order, filed on June 18, the juvenile court removed the children from the mother's care. The oldest child was placed with the maternal

grandmother. The next two children were placed with their father. The two youngest children were placed in foster care. After the children were removed from the mother's care, three of the children stated they previously had been sexually abused by a relative or family friend while in the mother's care. There were also allegations A.S. had physically abused two of the children.

The mother exhibited poor impulse control and anger issues. She would become very upset with service providers and yell at them. The mother did not consistently participate in mental-health services. Furthermore, the mother continued her relationship with A.S., despite the domestic violence problems in their relationship. The oldest child refused to participate in any visits with the mother, and the fourth child would only attend visits if A.S. was not present.

On September 26, 2018, the State filed a petition seeking termination of the mother's parental rights. The juvenile court terminated the mother's parental rights under section 232.116(1)(e) and (f) (2018).[1] The court found the mother's "personality issues cause her to overreact to situations and cause her to struggle in managing daily life skills such as impulse control, maintaining relationships, and anger control. The result is that [the mother] exhibits a scattered and unstable personality and experiences depression, anxiety, impulsiveness, and irrational behaviors." The court concluded termination of the mother's parental rights is in the children's best interests and none of the exceptions found in section 232.116(3) should be applied. The mother now appeals the juvenile court's order.

---

[1] The parental rights of J.J. to the youngest child were also terminated. He has not appealed. The parental rights of the other two fathers were not terminated.

4

## II.     Standard of Review

We review termination-of-parental-rights cases de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  "There must be clear and convincing evidence of the grounds for termination of parental rights."  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  Clear and convincing evidence means there are "no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence."  *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (citation omitted).  The paramount concern in termination proceedings is the best interests of the children. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III.     Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to justify termination of her parental rights.  "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."  *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).  We will consider the termination of the mother's parental rights under section 232.116(1)(f).

The mother concedes the first three elements of section 232.116(1)(f) have been met—the children were adjudicated CINA, they were more than four years old, and had been out of her care for more than twelve months.  She claims the State did not prove by clear and convincing evidence the children could not be returned to her care.  *See* Iowa Code § 232.116(1)(f)(4). We find there is sufficient evidence to show the children could not be safely returned to the mother's care. The mother has not adequately addressed her mental-health problems and is still

in an abusive relationship. We determine the juvenile court properly terminated the mother's parental rights under section 232.116(1)(f).

## IV. Best Interests

The mother claims termination of her parental rights is not in the best interests of the children. She states it would be better for the children to remain together and in her care. In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We conclude termination of the mother's rights is in the children's best interests. The mother gave the oldest child marijuana. Some of the children were sexually abused and some of them were physically abused while in her care. Furthermore, the children observed the mother's volatile relationship with A.S. Service providers recommended counseling for all of the children due to the chaos in their home.

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**